IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANISIA BOWMAN, on behalf of herself and all others similarly situated,<br><br>         **Plaintiffs,**<br><br>   v.<br><br>Flora, 247, Inc.,<br><br>         **Defendant.** | Civil Action No. 1:25-cv-08861<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Judge Jeannice W. Appenteng |

**PLAINTIFF'S MOTION FOR LEAVE TO REINSTATE CASE AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

**NOW COMES**, Plaintiff, Tanisia Bowman, by and through undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b)(6) and the Court's inherent authority to (1) reinstate the above-captioned matter; and (2) award Plaintiff attorneys' fees and costs incurred as a direct result of Defendant's unreasonable delay in finalizing the settlement, and in support thereof states as follows:

I.  **BACKGROUND**

1. On July 29, 2025, Plaintiff filed the above-captioned action against Defendant alleging that Defendant's commercial website, Giftexpress.com, is inaccessible to blind and visually impaired users relying on screen-reading software. Plaintiff seeks injunctive relief requiring Defendant to make its website accessible and compliant with the Web Content Accessibility Guidelines (WCAG 2.2). [Dkt. No. 1].

2. On April 27, 2026, this Court entered an Order dismissing this action without prejudice with full leave to reinstate by June 26, 2026. [Dkt. No. 36].

1

3. At the time of dismissal, the parties had reached an agreement in principle on the material terms of a settlement to resolve all claims in this action. In reliance upon that agreement, Plaintiff did not oppose or seek to delay the dismissal.

4. Consistent with that agreement in principle, the parties thereafter negotiated, drafted, and exchanged a proposed Settlement Agreement and Release ("SAR"). The material terms of the settlement have been agreed upon by the parties.

## II.     THE SETTLEMENT HAS NOT BEEN CONSUMMATED

5. Consistent with that agreement in principle, the parties thereafter negotiated, drafted, and exchanged a proposed Settlement Agreement and Release ("SAR"). The material terms of the settlement have been agreed upon by the parties.

6. Despite the parties' agreement on the material terms and the exchange of a draft SAR, Defendant unreasonably delayed in executing the SAR. For an extended period following the dismissal of this action, Defense counsel communicated with Plaintiff's counsel on only a limited basis and took no meaningful steps to advance execution of the SAR or deliver consideration.

7. On June 25, 2026, at approximately 9:52 a.m. CST – after significant delay – Defense counsel transmitted to Plaintiff's counsel a partially executed copy of the SAR bearing Defendant's signature.

8. On June 26, 2026, at approximately 1:37 p.m. CST, Plaintiff reviewed the partially executed SAR and returned the fully executed copy to Defense counsel. The SAR is therefore now fully executed by all parties.

9. Notwithstanding the full execution of the SAR, no consideration has passed between the parties. The settlement remains legally incomplete and unenforceable until

consideration is delivered. Reinstatement of this action is therefore necessary to preserve Plaintiff's rights and ensure the Court retains jurisdiction to enforce the settlement in the event Defendant fails to timely deliver consideration.

10. A summary of Plaintiff's counsel's efforts to finalize the settlement, Defense counsel's limited responses, and the timeline of execution is as follows:

    a. On or about May 1, 2026, Plaintiff prepared and sent Defendant a proposed settlement agreement for review.

    b. On or about May 11, 2026, Plaintiff followed up with Defendant's legal counsel on the status of the proposed settlement agreement, resulting in no response from Defendant's legal counsel.

    c. The same day, May 11, 2026, since Defendant's counsel included his client in all email communications with Plaintiff, Defendant replied to the email asking his legal counsel to advise on the status, resulting in no answer.

    d. On or about June 3, 2026, Plaintiff, again, followed up with Defendant's legal counsel on the status of the proposed settlement agreement, where Defendant requested that his counsel review and finalize the agreement, and Defendant's legal counsel responded in the affirmative.

    e. Then, on the same day, Plaintiff's counsel followed up with Defendant's legal counsel providing the April 27, 2026, minute entry and explaining that Plaintiff will have to move to file a motion to reinstate if a fully executed agreement **and** consideration could not be completed by June 26, 2026, pursuant to the Court's deadline. Plaintiff's counsel also stated that they will seek attorneys' fees and costs if said motion needed to be filed, resulting in no response.

    f. On June 17, 2026, Plaintiff gave the same notice as described in Paragraph 10(b) to Defendant's counsel, resulting in no response.

    g. On June 18, 2026, Defendant responded in the same email chain in an attempt to notify his legal counsel to finalize the agreement, resulting in no response.

    h. On June 18, 2026, at approximately 8:56 p.m. CST, since Defendant's counsel has included Defendant in all email communications thus far, and there has been

limited response from Defendant's counsel, Plaintiff's counsel asked if Defendant is still represented by said legal counsel, and if not, that Plaintiff can finalize the agreement directly with the Defendant.

i. However, shortly after, on June 18, 2026, at approximately 9:18 p.m. CST, Defendant's counsel replied that he still represents Defendant and that "we will wrap this up tomorrow."

j. Thereafter, on Monday, June 22, 2026, at approximately 4:38 p.m. CST, Defendant asked his legal counsel, "What is delay?"

k. Same day, at approximately 5:07 p.m., Plaintiff's counsel contacted Defendant's counsel, again, reminding of the June 26, 2026, deadline, and the status of the settlement agreement, resulting in no response.

l. On June 23, 2026, at approximately 12:15 p.m., Plaintiff made a final good faith attempt to reach Defendant's counsel, resulting in no answer.

m. On June 25, 2026, at approximately 8:52 a.m., Defendant's counsel responded with the partially executed agreement for counter-execution.

n. On June 25, 2026, at approximately 12:05 p.m., Plaintiff inquired on when consideration would be completed, in order to determine whether she had to preserve her rights with a motion for leave to reinstate, in which Defendant's counsel confirmed that consideration would not be completed by June 26, 2026.

o. On June 25, 2026, at approximately 12:41 p.m., Plaintiff's counsel advised Defendant's counsel that she will proceeding with a motion for leave to reinstate despite repeated reminders of the June 26, 2026, deadline.

p. On June 26, 2026, at approximately 2:37 p.m., Plaintiff returned a fully executed Settlement Agreement to Defendant.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is appropriate where there are "extraordinary circumstances" justifying reinstatement. Courts in the Seventh Circuit and Northern District of Illinois regularly grant motions to reinstate cases that

were dismissed in reliance on a pending settlement where the settlement was never consummated. See *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489–90 (7th Cir. 2002) (affirming reinstatement to enforce the settlement agreement).

A settlement agreement is not enforceable until its essential terms are agreed upon, reduced to an executed written agreement, and supported by the passage of consideration, unless the parties clearly intended to be bound by a less formal agreement. *Higbee v. Sentry Insurance Co.*, 253 F.3d 994, 997 (7th Cir. 2001); *Dillard v. Starcon International, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007); and *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995).

Here, the SAR has been fully executed by both parties. However, no consideration has yet passed. Until consideration is delivered, the settlement remains legally incomplete. Reinstatement is warranted to preserve Plaintiff's rights and maintain the Court's jurisdiction to enforce the agreement.

## IV. **<u>REINSTATEMENT IS WARRANTED TO PRESERVE THE COURT'S JURSIDICTION PENDING DELIVERY OF CONSIDERATION.</u>**

11. Reinstatement is necessary to preserve Plaintiff's rights and maintain this Court's jurisdiction. The SAR has been fully executed by both parties as of June 26, 2026. However, no consideration has been delivered to Plaintiff. Until consideration passes, Plaintiff has received nothing of value in exchange for the dismissal of her claims. Without reinstatement, this Court lacks jurisdiction to enforce the settlement agreement or provide Plaintiff any remedy in the event Defendant fails to deliver consideration.

12. Reinstatement will not prejudice Defendant. The SAR is fully executed, and the terms of the settlement are not in dispute. Plaintiff does not seek to resume active litigation.

5

Reinstatement merely preserved the Court's jurisdiction and Plaintiff's rights pending Defendant's delivery of consideration as required under the SAR.

13. Plaintiff seeks reinstatement in good faith and solely to protect her legal rights. The SAR is signed. The only remaining step is delivery of consideration by Defendant. This Motion is necessitated by Defendants prolonged delay in executing the SAR and the continued absence of consideration.

14. Upon Defendant's delivery of consideration in accordance with the SAR, Plaintiff will promptly file a Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## V. <u>PLAINTIFF IS ENTITLES TO ATTORNEYS' FEES AND COSTS CAUSED BY DEFENDANT'S DELAY.</u>

15. Defendant's prolonged and unexplained delay in executing the SAR – despite the parties' agreement on all material terms, Plaintiff's motion for leave to reinstate, and the exchange of a draft SAR well before June 25, 2026 – forced Plaintiff to incur significant attorneys' fees and costs that would not otherwise have been necessary. It was not until June 25, 2026, at approximately 9:52 a.m. CST, that Defendant transmitted a partially executed SAR, and Plaintiff returns a fully executed copy on June 26, 2026, at approximately 1:37 p.m. CST. These fees and costs include but are not limited to, the time and expense associated with: (a) Plaintiff's counsel's repeated follow-up communications to Defense counsel over the course of the delay regarding execution of the SAR and delivery of consideration; (b) research and preparation of this Motion and (c) all related court filings and proceedings necessitated solely by Defendant's dilatory conduct.

16. Courts have inherent authority to impose sanctions, including an award of attorneys'

fees and costs, where a party's conduct is unreasonable, vexatious, or in bad faith. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (courts may assess attorneys' fees as a sanction under their inherent authority where a party acts in bad faith or for oppressive reasons).; *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (affirming fee award under inherent authority where conduct was unreasonable and vexatious).

17. Additionally, 28 U.S.C. § 1927 authorizes the Court to require an attorney who "multiply[ies] the proceedings in any case unreasonably and vexatiously" to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Defense counsel's extended pattern of limited and non-substantive communication, and prolonged failure to obtain and transmit Defendant's executed SAR – notwithstanding the parties' agreement on all material terms and the existence of a fully negotiated draft – constitutes precisely the type of conduct that unnecessarily multiplied theses proceedings and imposed unwarranted costs on Plaintiff.

18. Plaintiff's counsel has expended not less than 7.60 hours at a reasonable rate of $500.00 per hour in connection with the post-dismissal settlement follow-up and preparation of this Motion alone, resulting in fees of not less than $3,800.00. A detailed billing statement supporting these amounts will be submitted upon the Court's request or pursuant any fee petition schedule the Court may set.

19. An award of fees and costs is necessary to compensate Plaintiff for the burden imposed by Defendant's conduct and to deter similar dilatory behavior in the future.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order:

(a) Granting Plaintiff leave to reinstate this action;

(b) Reinstating the case to the Court's active docket;

(c) Awarding Plaintiff attorneys' fees and costs incurred as a result of Defendant's unreasonable delay in finalizing the settlement, including but not limited to fees and costs associated with post-dismissal follow-up efforts and the preparation and filing of this Motion;

(d) Setting a deadline by which Defendant shall deliver consideration in accordance with the fully executed Settlement Agreement and Release; and

(e) Granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

Dated:  June 26, 2026

**/s/ Alison Chan**

By: Alison Chan, Esq.
EQUAL ACCESS LAW GROUP, PLLC
4903 Avenue N
Brooklyn, NY 11234
O: 844-731-3343
D: 929-442-2154
Email: achan@ealg.law
*Attorneys for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and will send notification of such filing to Defendant's counsel, Frank Fusco, Esq., via email at fuscoesq@hotmail.com.

  /s/ Alison Chan
Alison Chan, Esq.

9